UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BENJAMIN COLE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Criminal Action No. 1:23-CR-113(TNM)<br>)<br>)<br>)<br>)<br>) |

### BENJAMIN COLE'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

Comes the Defendant, Benjamin Cole, and files this sentencing memorandum for the sentencing hearing that is set for October 3, 2023. Mr. Cole respectfully requests that the Court grant a downward variance and sentence him to period of probation of up to five years, a special assessment of $100, and restitution in the amount of $2000.

**A. Charges and Statutory Sentencing Range.**

On May 30, 2023, Mr. Cole entered a guilty plea to the single count of this Information: Civil Disorder, pursuant to 18 U.S.C. §231(a)(3). This offense carries not more than five years imprisonment, followed by not more than three years supervised release. Alternatively, the statue also allows the Court to instead place Mr. Cole on probation for up to five years.

1

**B. Presentence Report**

Mr. Cole has no objections to the PSR. He has previously submitted corrections and additions to United States Probation. The most notable correction is that the photo in the draft PSR does not depict Mr. Cole. The other additions simply added context to prior work experiences. None of these impact the advisory guideline range or his sentencing argument.

**C. Plea Agreement and Advisory Guideline Sentencing Range**

The plea agreement in this case is pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The parties agreed on the statement of the offense that was provided to the Court. Pursuant to the PSR and the parties' plea agreement, Mr. Cole's advisory guideline calculations are as follows:

| | |
|---|---|
| Base Offense Level, USSG §2A2.4 | 10 |
| Offense involved physical contact, USSG §2A2.4(b)(1)(A) | +3 |
| Acceptance of Responsibility USSG §3E1.1(a) | -2 |
| Total Offense Level | 11 |
| Criminal History Category (0 points) | I |
| Guideline Range | 8-14 months (Zone B)[1] |

The sentencing guidelines also allow for a sentence of probation as the advisory guideline range is in Zone B of the sentencing table.

---

[1] The pending Amendments to the Sentencing Guidelines, §4C1.1, would apply to Mr. Cole as a zero point offender, further reducing the total offense level to 9. That guideline range would be 4 to 10 months, still in Zone B of the sentencing table.

2

### D. Offense Conduct

Mr. Cole arrived in the District of Columbia on January 5, 2021, having traveled from his home in Florida.[2] He attended a rally the following day, January 6.[3] After the rally, he, along with approximately four others in his group, travelled to the Capitol.[4]. He arrived at the West Tunnel at approximately 4:15 p.m..[5] He was part of the crowd and part of the push - the "heave-ho" – in and around the West Tunnel.[6] After retrieving his then-friend from an area closer to the doors, the two made their way through the crowd, located other people that they had come with them, and left.

While Mr. Cole was part of the push forward that day, the Court must also take note of what he did not do. He did not, at any point, enter the building. He was not heard to exhort anyone else present to commit any acts, certainly not any act of violence. He did not wield any weapon. He did not assault or otherwise inflict physical injury on anyone else. His actions warrant the 3 level enhancement for "physical contact" as he was part of the push that caused contact. He also did not destroy or remove any property while there. United States Probation has characterized him as an "average participant."[7] They determined that he was a knowing and willing participant, but was not acting with any supervisory or managerial authority.[8]

---

[2] PSR, para 20.
[3] Id.
[4] PSR, para. 21.
[5] PSR, para. 22.
[6] Id.
[7] PSR, para. 27.
[8] Id.

Mr. Cole was part of the civil disorder at the tunnel. He was present and a part of the push. Since that time, he has worked to move forward with his life.

Once he was charged, Mr. Cole agreed to plead guilty by information and informed the government of his desire to settle his case when it was still relatively young.[9] At the time of his plea, he appeared before the Court and willingly admitted what he had done.[10]

### E. Mr. Cole's Background and Circumstances

When he comes before the Court for sentencing, Mr. Cole will be a 39 year-old man who keenly desires to move forward with his work, his relationship with his fiancée, and his role in his son's life. Prior to January 6, 2021, and the period of time since then, Mr. Cole has lived a law-abiding life.[11] His entire criminal history comprises two traffic offenses for which adjudication was withheld.[12] Since the age of 16, he has had a history of consistent employment.[13] He also possesses the initiative and ability that led him to create his own business.[14] Currently, he is proud of his year-long tenure as a full time assembly-line worker at the Ford Truck Plant in Louisville.[15]

Since his release on this case in August 2022, he has shown that he can follow the orders of the Court and of United States Probation. Mr. Cole has complied with all of his conditions of release.[16] There is also no indication that he engaged in any criminal conduct

---

[9] PSR, para. 2.
[10] PSR, para. Para. 5.
[11] PSR, para. 107.
[12] PSR, para. 44 and 45.
[13] PSR, para. 53, 68-75. See PSR, para. 107
[14] PSR, para. 76.
[15] PSR, para. 68.
[16] PSR, para. 12.

between the events of January 6, 2021 and his arrest in August 2022. His actions on that day do not represent who he has been throughout the 39 years of his life.

Benjamin Cole is an active father to his 14 year-old son.[17] Although they live several states apart, they remain close and spent meaningful time together. Mr. Cole is also eager to continue his life wife his fiancée. Finally, he enjoys the esteem and support of family and friends who are aware of his actions on January 6, as demonstrated by the 13 letters that are attached to this Memorandum. These letters show that he has broad support from his family and friends both from his former home in Florida and from his current home in Louisville, Kentucky. These people who know him, many of them, for several years, observe that the conduct that he engaged in on January 6, 2021 is not consistent with the person that they know and love. They also describe the frank reflections and remorse that he has shared about his actions on that day.

The information set out in the PSR and the letters of support make clear that Mr. Cole is much more than his actions on January 6.

**F.  Sentence and Request for Variance**

Mr. Cole requests that the Court vary downward and impose a sentence of probation. Further, given his financial circumstances and his agreement to pay restitution in the amount of $2000, Mr. Cole requests that the Court waive any fine for this case.[18]

A sentence of imprisonment necessary for the Court to impose just punishment, promote respect for the law, and reflect the seriousness of the offense. Mr. Cole, who

---

[17] PSR, para. 55.
[18] See PSR, para.77- 81.

previously had no criminal convictions, is now convicted felon and will live the rest of his life with those consequences. Further, this felony conviction is not like other class D felonies. It carries an additional heavy weight along with the more standard collateral consequences. Mr. Cole will be followed by the infamy of having participated in the events that occurred at the Capitol on January 6, 2021, having been charged, and being convicted for his acts. He has shown his willingness to shoulder those consequences, but clearly that burden is a punitive one even in the absence of any form of imprisonment.

Mr. Cole's case shares several features of the case of a person who was charged in the same complaint and who has recently been sentenced by this Court, *United States v. Brian Preller,* 1:23-CR-00045-TNM. The Court granted Mr. Preller's request for a downward variance and sentenced him to probation with a period of home confinement. Like Mr. Preller, Mr. Cole did not enter the Capitol building, he accepted responsibility for his actions, and he has no criminal history points. However, in contrast to Mr. Preller, Mr. Cole did not advance into the tunnel wielding items that could be deployed as a weapon. Nor did he boast about his actions after the event. Mr. Cole's limited role in the events at the Capitol, his lack of criminal history, his remorse, and his efforts to build a different and productive life for himself make probation an appropriate outcome for his case.

The goals of deterrence and protection of the public would also not be furthered by a sentence of imprisonment in this case. Most of Mr. Cole's life has shown that he can be productive and law-abiding. His conduct since the offense, especially since his arrest, demonstrates that he can and will follow such a course in the future. The shock of the experience itself and his later arrest have already caused the remorse and reflection

necessary to make certain that he will live lawfully.

Mr. Cole's life history and success while on pretrial release demonstrates that the Court need not order probation for the full five-year period, but the Court can also be confident that he will continue to succeed for that period of time it is were to be imposed. In Ben Cole's case, a sentence of probation will be "sufficient, but not greater than necessary" to achieve the goals set out in 18 USC §3553(a). He respectfully requests that the Court impose a sentence of probation, thereby allowing and encouraging him to continue his progress, with the supervision provided by United States Probation.

Respectfully submitted,

/s/ Angela M. Rea (Ky. Bar. No. 89670)
Assistant Federal Defender
629 South Fourth Street
200 Theatre Building
Louisville, Kentucky 40202

(502) 584-0525
Angela_M_Rea@fd.org

Counsel for Defendant.

## CERTIFICATE

      I hereby certify that on September 26, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                      /s/ Angela M. Rea